J-S46016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALFREDO  LOPEZ | : | |
| | : | |
| Appellant | : | No. 2326 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001806-2018

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                **FILED:  JANUARY 29, 2021**

Appellant, Alfredo Lopez, appeals from the judgment of sentence entered on June 28, 2019, in the Philadelphia County Court of Common Pleas. After careful review, we affirm in part and vacate in part.

In its opinion filed pursuant to Pa.R.A.P. 1925(a), the trial court summarized the relevant facts in this case as follows:

> On November 1, 2017, Appellant smashed Edwardo Perez Melendez, the victim herein, in the head with a bat at a Speedway Gas Station located on the 500 block of West Lehigh Avenue in Philadelphia. The blow rendered the victim unconscious and in a coma. The victim remained comatose on the date of the trial. Video equipment at the gas station recorded the incident. It showed the victim initially standing and then on the ground, while Appellant was holding a bat. The video recording led to Appellant's arrest and pre-trial incarceration. While incarcerated, telephone recording equipment recorded [Appellant] making references to the incident and admitting that he struck the victim with a bat.

Trial Court Opinion, 12/23/19, at 2.

On January 23, 2019, following a waiver trial, this [c]ourt convicted Appellant of Aggravated Assault, 18 Pa.C.S. § 2702[(a)(1)], graded as a felony of the first degree, Recklessly Endangering Another Person, 18 Pa.C.S. § 2705 graded as misdemeanor of the second degree, Simple Assault, 18 Pa.C.S. § 2701[(a)(1)], graded as a misdemeanor of the second degree, and Possessing an Instrument of Crime, Generally, 18 Pa.C.S. § 907[(a)], graded as a misdemeanor of the first degree. On June 28, 2019, this Court imposed a sentence of ten to twenty years' incarceration on the Aggravated Assault conviction, along with a concurrent aggregate sentence of five years' probation.[1] Following the imposition of sentence, Appellant filed a Post-Sentence Motion, which this [c]ourt denied on July 11, 2019. Appellant thereafter timely filed a *pro se* notice of appeal from the judgment of sentence and a court-ordered 1925(b) statement.[2]

Trial Court Opinion, 12/23/19, at 1-2.

On appeal, Appellant presents two issues for our consideration:

[1.] Is the sentence imposed unduly harsh and excessive under the circumstances of this case?

[2.] Is the sentence imposed for the charge of simple assault illegal as that count is required to merge with the crime of aggravated assault for which a sentence was also imposed upon [Appellant] in this case?

---

[1] The record reflects that the trial court sentenced Appellant to a term of ten to twenty years of incarceration for aggravated assault, two years of probation for recklessly endangering another person, two years of probation for simple assault, and five years of probation for possessing an instrument of crime. N.T., 6/28/19, at 17. The trial court ordered Appellant to serve all four sentences concurrently. ***Id.***

[2] On August 14, 2019, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within twenty-one days. On September 3, 2019, Appellant filed a "preliminary" Rule 1925(b) statement and a motion for an extension of time within which to file a final Rule 1925(b) statement. On September 4, 2019, the trial court granted Appellant a thirty-day extension, and on October 2, 2019, Appellant timely filed his Rule 1925(b) statement.

Appellant's Brief at 5.

Appellant's first issue presents a challenge to the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute." **Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. **Commonwealth v. W.H.M.**, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id.** at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006)).

Here, the first three requirements of the four-part test are met: Appellant filed a timely appeal; Appellant preserved the sentencing issue in a post-sentence motion; and Appellant included a statement raising this issue

in his brief pursuant to Rule 2119(f). *Moury*, 992 A.2d at 170. Therefore, we determine whether Appellant raised a substantial question.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Ahmad*, 961 A.2d 884, 886-887 (Pa. Super. 2008). Allowance of appeal will be permitted only when the appellate court determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code.[3] *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. *Id.*

In his Pa.R.A.P. 2119(f) statement, Appellant challenges only the sentence imposed for his conviction of aggravated assault. Appellant's Brief at 21. Appellant asserts that the trial court abused its discretion when it imposed a sentence in the aggravated range of the Sentencing Guidelines and failed to consider certain mitigating factors, resulting in an excessive sentence. *Id.* at 25. We conclude that Appellant raised a substantial question. *See Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (finding a substantial question where the appellant averred that the trial court failed

---

[3] 42 Pa.C.S. § 9701, *et seq*.

- 4 -

to consider certain sentencing factors in conjunction with an assertion that the sentence imposed was excessive).

Sentencing is a matter vested in the sound discretion of the trial court, and a sentence will not be disturbed on appeal absent a manifest abuse of that discretion. *Commonwealth v. Kitchen*, 162 A.3d 1140, 1146 (Pa. Super. 2017). It is well settled that when the trial court has the benefit of a presentence investigation ("PSI") report, it is presumed that the court was both aware of and appropriately weighed all relevant information contained therein. *Commonwealth v. Griffin*, 804 A.2d 1, 8 (Pa. Super. 2002). Moreover, when a sentence is within the standard range of the Sentencing Guidelines, the appellant must demonstrate that the "application of the guidelines was clearly unreasonable" pursuant to 42 Pa.C.S. § 9781(c)(2). *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa. Super. 2009).

> Our Supreme Court in *Commonwealth v. Walls*, 592 Pa. 557, 568-9, 926 A.2d 957, 964 (2007) determined that a sentence can be deemed unreasonable after a review of the trial court's application of the factors contained in 42 Pa.C.S.A. §§ 9721(b) and 9781(d). Section 9721(b) states:
>
> > The court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant as well as any guidelines for sentencing.
>
> 42 Pa.C.S.A. § 9721(b). Section 9781(d) provides that when we review the record, we must have regard for:
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the

opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; [and] (4) the guidelines promulgated by the sentencing commission.

42 Pa.C.S.A. § 9781(d).

*Ventura*, 975 A.2d at 1134-1135.

The trial court addressed Appellant's challenge to the discretionary aspects of his sentence as follows:

> First, the sentence imposed was a standard range sentence. Appellant had a Prior Record Score of RFEL. Aggravated Assault carries an Offense Gravity Score of eleven. The Deadly Weapon Used sentencing matrix applied here, provides for a standard range sentence of 102 to 120 months, plus/minus 12 months, incarceration. (N.T. 6/28/19, 4). Therefore, the sentence of incarceration of ten to twenty years imposed was not an aggravated range sentence.
>
> Under the law, when a sentence is within the standard guideline ranges, it must be determined whether the sentence is "clearly unreasonable." 42 Pa. C.S.A. § 9781(c)(2). Commonwealth v. Dodge, 957 A.2d 1198, 1200 (Pa. Super. 2008). The reasonableness inquiry is based in part on the factors set forth in 42 Pa. C.S.A. § 9781(d). Under that statute, the reviewing court must consider the nature and circumstances of the offense and the history and characteristics of the defendant; the opportunity of the sentencing court to observe the defendant, including any pre-sentence investigation; the findings upon which the sentence was based; and the guidelines promulgated by the commission. Id.; Dodge, supra. In addition, a sentence may be unreasonable if the sentencing court fails to consider the factors set forth in 42 Pa. C.S.A. § 9721(b): *i.e.*, the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant. [Commonwealth v. ]Walls, [926 A.2d 957, 962 (Pa. 2007)].
>
> Under these standards, the sentence of incarceration imposed on the Aggravated Assault charge was not unreasonable and did not constitute an abuse of discretion. All of the factors

- 6 -

above were considered by the [c]ourt, along with the applicable law. This [c]ourt carefully considered the information in the presentence report, along with the mitigating factors presented by Appellant during the sentencing hearing and thus, was well aware of Appellant's personal history. …

This [c]ourt also considered Appellant's criminal history, Appellant's rehabilitative needs and the effect the crime herein had on the community. The facts of the instant matter showed that Appellant consciously committed a vicious crime that left the victim in what appears to be a permanent coma. Moreover, during the sentencing hearing, the prosecution presented evidence indicating that Appellant made comments while incarcerated and awaiting trial telling the person [to whom] he was speaking to get the "snitch." (N.T. 6/28/19, 14).

The facts of the instant case, when viewed in conjunction with Appellant's prior criminal record and previous incarceration, showed that he is not amenable to rehabilitation. Appellant represents a threat to law-biding citizens. Appellant's prior criminal record is abominable, consisting of twenty-six arrests and fifteen convictions at the time of sentencing. Appellant had been either incarcerated or under the court supervision continuously from 1993 to the present, except for a two-month period. (N.T. 6/28/19, 12-13). While incarcerated, Appellant had numerous misconduct charges lodged against him. Id.

Appellant's actions in the instant matter and in his past show a pattern of complete disregard for the law, civilized society and the citizens of Philadelphia. It is imperative for the safety of the community that he receive a lengthy sentence. Although the Appellant has a history of mental health problems and drug abuse, Appellant was lucid enough to remember the details of the crime and express disdain for the "snitch." While this Court understands that mental illness and drug abuse often lead to criminal behavior, in this case the defense presented no evidence that the incident resulted from those maladies. Even if they did, Appellant's criminal history and disregard for the well-being of the residents of the community weighed against imposing a lesser sentence.

Finally, as noted above, the sentence imposed did not constitute an abuse of discretion. The sentences imposed reflected a consideration of all relevant factors and applicable law. See Commonwealth v. Griffin, 804 A.2d 1 (Pa. Super. 2002) (where a

> judge who makes a discretionary sentencing decision has been fully informed of pertinent facts, his discretion should not be disturbed). Thus, it is suggested that relief be denied with respect to this claim.

Trial Court Opinion, 12/23/19, at 2-5.

We agree with the trial court's rationale and conclusion. The minimum standard-range sentence applicable to Appellant for his aggravated assault conviction was between 102 to 120 months, plus or minus twelve months. 204 Pa. Code. § 303.17(b). Thus, Appellant's sentence of ten to twenty years of incarceration for aggravated assault was a standard-range sentence. ***Id.; see also Commonwealth v. Boyer***, 856 A.2d 149, 153 (Pa. Super. 2004) (stating that the Sentencing Guidelines provide for minimum and not maximum sentences). Moreover, the trial court was apprised of the Sentencing Guidelines and the maximum sentences available, stated that it had reviewed and considered the PSI report, noted Appellant's mental health issues and struggles with alcohol and drugs, considered the injuries to the victim, relayed its duty to protect the community, and concluded that Appellant was incapable of rehabilitation. N.T., 6/28/19, at 16-17. The trial court was aware of the appropriate sentencing factors and relevant mitigating evidence *via* its consideration of the PSI report. ***Griffin***, 804 A.2d at 8. After review, we discern no abuse of discretion in the standard-range sentence imposed on Appellant's conviction for aggravated assault. Accordingly, we conclude that Appellant is due no relief on his first issue.

In his second issue, Appellant contends that simple assault and aggravated assault should have merged for purposes of sentencing. Appellant's Brief at 31. The record reflects that Appellant did not raise this issue in his Pa.R.A.P. 1925(b) statement. Generally, any issue not raised in a Pa.R.A.P. 1925(b) statement is deemed waived for purposes of appellate review. *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005); *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Appellant recognizes that he failed to present the merger issue in his Pa.R.A.P. 1925(b) statement; however, Appellant asserts that this issue should not be deemed waived on appeal. Appellant's Brief at 32. We agree. *See Commonwealth v. Pettersen*, 49 A.3d 903, 911 (Pa. Super. 2012) (holding that "merger is a nonwaivable challenge to the legality of the sentence."). Accordingly, we proceed with our discussion of Appellant's challenge to the legality of his sentence.

When evaluating whether crimes merge for sentencing purposes, our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v. Talley*, 236 A.3d 42, 52 (Pa. Super. 2020). The Sentencing Code provides:

**Merger of sentences**

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. Thus, Section 9765 "prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Talley*, 236 A.3d at 52-53 (citation omitted).

The crimes of simple assault and aggravated assault are defined in pertinent part, as follows:

**Simple assault**

**(a) Offense defined**.--Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

   (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]

18 Pa.C.S. § 2701(a)(1).

**Aggravated assault**

**(a) Offense defined.**--A person is guilty of aggravated assault if he:

   (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S. § 2702(a)(1).

It is evident from the statutory definitions that the elements of simple assault are included within the elements of aggravated assault. ***See Commonwealth v. Boettcher***, 459 A.2d 806, 811 (Pa. Super. 1983) (holding that the statutory elements of simple assault are included in the

- 10 -

statutory elements of aggravated assault).[4]   Moreover, in the instant case,

both simple assault and aggravated assault arose from Appellant's single act

of intentionally striking the victim in the head with a baseball bat and causing

the victim serious bodily injury.

After review, we conclude that the trial court imposed an illegal sentence

for simple assault because simple assault merged with aggravated assault for

sentencing purposes.   ***Talley***, 236 A.3d at 52-53; 42 Pa.C.S. § 9765.

Therefore, although we do not disturb Appellant's conviction for simple

assault, we vacate the sentence imposed for that conviction.   ***See***

***Commonwealth v. Tucker***, 143 A.3d 955, 958 (Pa. Super. 2016) (affirming

the conviction but holding that the illegal sentence must be vacated).

However, we conclude that we need not remand for re-sentencing because

---

[4] Although ***Boettcher*** remains precedential with respect to the merger of simple assault and aggravated assault, we are cognizant that ***Boettcher*** also held that recklessly endangering another person, simple assault, and aggravated assault all merged for sentencing purposes. ***Boettcher***, 459 A.2d at 811. However, 42 Pa.C.S. § 9765 and subsequent case law now distinguish recklessly endangering another person from simple assault and aggravated assault. ***See Commonwealth v. Cianci***, 130 A.3d 780, 783 (Pa. Super. 2015) (stating that merger law has evolved substantially, and 42 Pa.C.S. § 9765 now provides an "elements approach" in deciding if crimes merge; aggravated assault and recklessly endangering another person do not merge for sentencing purposes as each offense requires proof of an element that is absent from the other offense, and one offense can be committed without committing the other offense); ***see also Commonwealth v. Calhoun***, 52 A.3d 281, 287 (Pa. Super. 2012) (finding that simple assault and recklessly endangering another person did not merge because "the mischiefs to be remedied" were not identical). Accordingly, we conclude that only simple assault merges with aggravated assault for sentencing purposes.

our decision does not upset the trial court's sentencing scheme, which consisted of entirely concurrent sentences. *See Commonwealth v. Thur*, 906 A.2d 552, 570 (Pa. Super. 2006) (holding that where the appellate court can vacate an illegal sentence without upsetting the trial court's overall sentencing scheme, it need not remand for resentencing); *see also Commonwealth v. Klein*, 795 A.2d 424, 430-431 (Pa. Super. 2002) ("where a case requires a correction of sentence, this [C]ourt has the option of either remanding for resentencing or amending the sentence directly.").

For the reasons set forth above, Appellant is entitled to no relief on his challenge to the discretionary aspects of his sentence for aggravated assault. However, although we do not upset Appellant's conviction for simple assault, we vacate Appellant's sentence for that crime because it merges with aggravated assault for sentencing purposes. The sentences for aggravated assault, recklessly endangering another person, and possessing an instrument of crime remain undisturbed.

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/21

- 12 -